```
                UNITED STATES DISTRICT COURT                FILED
                NORTHERN DISTRICT OF ALABAMA            99 DEC -3 PM 4:38
                     SOUTHERN DIVISION
                                                         U.S. DISTRICT COURT
LULA D. HENDERSON,              )                         N.D. OF ALABAMA
                                )
     Plaintiff,                 )
                                )
vs.                             ) Civil Action No. CV-97-S-2640-S
                                )
CARRAWAY METHODIST MEDICAL      )
CENTER,                         )
                                )                          ENTERED
     Defendant.                 )
                                                          DEC -3 1999
                        MEMORANDUM OPINION
```

This action is before the court on three motions filed by the parties: plaintiff's motion to strike (Doc. No. 32); plaintiff's motion to compel (Doc. No. 33); and defendant's motion to require plaintiff to submit to an independent physical examination (Doc. No. 35). Upon consideration of the motions, and, independent research subsequent to the motion docket held on December 2, 1999, the court addresses these motions *in seriatim*.

## I. DISCUSSION

**A. Plaintiff's Motion To Strike and Defendant's Motion To Require Physical Exam**

Both plaintiff's motion to strike and defendant's motion to require plaintiff's physical examination are interrelated in that they both contemplate the admission of an expert report from Dr. Mary House Kessler, defendant's designated expert witness.

Accordingly, the court will address both of these motions together.

Plaintiff moves to strike the designation of Dr. Kessler as defendant's expert witness. Specifically, plaintiff argues that defendant has not complied with the expert report requirements enumerated in Fed. R. Civ. P. 26(a)(2).

Defendant contends, however, that the inadequacies of the expert's report are due to "plaintiff's own dilatory actions" and, therefore, are due to be excused. (Response (Doc. No. 34) ¶ 2.) Defendant argues that plaintiff filed two separate motions to extend her expert designation deadlines, and once defendant finally received plaintiff's expert report, it "contradicted opinions previously rendered by Dr. Head...." (*Id.*) According to defendant, that report "generated a need for the defendant to take the depositions of both the plaintiff and Dr. Head[,]" *Id.*, and those depositions both were taken in late October. As of the date of plaintiff's motion to strike, defendant had not received the transcribed copy of plaintiff's deposition and, "[a]ccordingly, Dr. Kessler has not yet had an opportunity to review these materials which are essential to her opinions." (*Id.* ¶ 6.)

The court finds that the "expert report" provided by defendant, indeed, is inadequate under the requirements set forth

2

in Fed. R. Civ. P. 26(a)(2). The court also finds, however, that substantial justification, as specified in Fed. R. Civ. P. 37(c), exists to excuse the deficiencies. Therefore, the court will grant defendant another opportunity to file an expert report that comports with the requirements in Fed. R. Civ. P. 26(a)(2). Moreover, the court finds that Dr. Kessler may combine both her findings based on plaintiff and Dr. Head's depositions, and her physical examination of plaintiff, see discussion *infra*, into one comprehensive report. The court will also extend the discovery deadline and the dispositive motion deadline, to allow plaintiff an opportunity to depose defendant's expert, as well as any other individual noticed by either party.

Defendant requests this court to require plaintiff to submit to an independent physical examination by their expert, Dr. Kessler. As grounds for the motion, defendant states that plaintiff's expert issued a report on August 13, 1996, containing the opinion that plaintiff had a 100% vocational disability. However, "on October 25, 1999, [plaintiff's expert] in contrast to his prior report[,] testified that the Plaintiff was capable of working in 1996. Accordingly, there is a dispute as to Plaintiff['s] physical condition and such condition is material to Plaintiff's ADA claim...." (Defendant's motion to require physical

3

exam ¶ 2.)

In ordering a physical or mental examination, this court is guided by Fed. R. Civ. P. 35(a) and the principles articulated by the Supreme Court in *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Under the provisions of Rule 35:

> When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a). Thus, in the present case, defendant must establish that plaintiff's physical condition is "in controversy" and must show "good cause" for the physical examination.

There are two principal ways in which the physical condition of a litigant can be placed "in controversy." The first is where the condition is placed in issue by the pleadings. *See Schlagenhauf*, 379 U.S. at 119, 85 S.Ct. at 243.

> [T]here are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. This is not only true as to a plaintiff, but applies equally to a defendant who asserts

4

>   his mental or physical condition as a defense to a claim,
>   such as, for example, where insanity is asserted as a
>   defense to a divorce action.

*Id.* (citations omitted). The second is where the mental or physical condition of the person is placed in issue by another party. *Id.*

Here, plaintiff stated in her complaint that she suffered an "on the job injury" which resulted in a diagnosis that she had a "10% permanent partial functional impairment." (Complaint §§ 8,9.) Thus, plaintiff placed her physical condition in controversy in her original pleading. Moreover, the plaintiff's disability is an element of his claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et *seq*. To establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate: (1) that she has a disability; (2) that she is a "qualified individual" (i.e., that she can perform the essential functions of the job position she holds or seeks, with or without reasonable accommodation being made by the employer[1]); and, (3) that she was

---

[1] 42 U.S.C. § 12111(8) (defining "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires"). See also 29 C.F.R. § 1630.2(m) ("Qualified individual with a disability means an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires, and who, with or without reasonable accommodation, can perform the essential functions of such position").

5



discriminated against because of his disability. *See* 42 U.S.C. § 12132; *Pritchard v. Southern Company Services*, 92 F.3d 1130, 1132 (11th Cir. 1996). A plaintiff can establish that she has a disability in one of three ways. Specifically, the ADA defines the concept of "disability" in a manner that includes any individual:

- (A) who has a *physical or mental impairment* that *substantially limits* one or more of the *major life activities* of such individual, or
- (B) who has a *record of* such an impairment, or
- (C) who is *regarded as having* such an impairment.

*See* 42 U.S.C. § 12102(2). Clearly, therefore, plaintiff's alleged knee injury has been placed "in controversy" in this action for purposes of Rule 35.

Defendant has also demonstrated "good cause" for the requested physical examination. Defendant's expert cannot be expected to base her opinions solely on plaintiff's medical records, because "[t]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is ... sophistry at its best." *Spences v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985) (citing *Nelson v. Heckler*, 712 F.2d 346, 348 (8th Cir. 1983)). Accordingly, defendant's motion to require a physical examination is due to be granted.

6

### B. Plaintiff's Motion To Compel

Plaintiff's original motion (Doc. No. 33) sought this court's assistance in obtaining information to thirteen separate interrogatories and requests for production of documents. After receiving defendant's objections, namely, that the questions were overly broad and burdensome, plaintiff abandoned a number of her initial requests (Doc. No. 39) and, thereby, admittedly conceded that her original requests were, in fact, overly broad.

In any event, the court has reviewed the remaining items in plaintiff's motion to compel, and finds that her motion is due to be granted with regard to interrogatories number 4, 10, 11, 13, 14 and request for production number 6. The crux of most of the remaining requests centers around plaintiff's desire to obtain information of other disability discrimination claims made against defendant. Plaintiff argues that this evidence is admissible under Fed. R. Evid. 404(b), "as showing evidence of a pattern and practice which could establish the motive, intent, plan or scheme of the Defendant in discriminating against individuals with disabilities." (Motion to Compel at 4.) Defendant contends that is irrelevant and should be excluded because plaintiff's complaint does not contain pattern and practice allegations.

Although it is true that plaintiff's complaint does not

7



contain pattern and practice allegations, the court has decided to allow plaintiff's discovery request. In making this decision, the court is guided by the general rule that such evidence may be relevant to the issue of an employer's discriminatory intent, or to prove that the employer's asserted reasons for the contested employment actions are, in actuality, a pretext for intentional discrimination. *See Hawkins v. Hennepin Technical Center*, 900 F.2d 153, 155-156 (8th Cir. 1990); *Spulak v. K-Mart Corporation*, 894 F.2d 1150, (10th Cir. 1990). The court is also mindful of the fact that "blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of its own motives...." *Hawkins v. Hennepin Technical Center*, 900 F.2d 153 (8th Cir. 1990) (quoting *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097 (8th Cir. 1988) (emphasis supplied)).

The court, however, reserves its ruling, as to the admissibility at trial of any discovered evidence, until the court has been provided sufficient detail to determine the prejudicial effect such evidence will have on defendant.

> The district court ... is empowered with discretion to
> exclude relevant evidence if its probative value is

8

> substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Exclusion of evidence in ... discrimination cases as irrelevant or as relevant but outweighed by other considerations is to be reversed only if it was an abuse of discretion....

*Harping v. Continental Oil Company*, 628 F.2d 406, 409-410 (5th Cir. 1980).[2]

With regard to interrogatory number 12, the court finds that plaintiff's motion to compel is due to be denied. Specifically, plaintiff requests that defendant "identify each and every individual that was hired, transferred, promoted, demoted, terminated by this Defendant, or resigned," from April 1, 1993 to December 1, 1993. (Plaintiff's motion to compel at 8.) The court finds that this request, even in its amended form, is overly broad and unduly burdensome. Defendant is a corporation, employing numerous individuals, and plaintiff's request would impose too great a burden. Moreover, the information plaintiff truly seeks, namely, whether there were vacancies in positions plaintiff was arguably qualified to fill, is covered by interrogatory number 10. Accordingly, plaintiff's motion is due to be denied with regard to interrogatory number 12.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

9

## II.  CONCLUSION

Based on the foregoing, the court concludes as follows: plaintiff's motion to strike is due to be denied; defendant's motion to require a physical exam is due to be granted; and plaintiff's motion to compel is due to be granted as to interrogatories 4, 10, 11, 13, 14 and request for production 6, but denied with regard to interrogatory 12.  An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this **3rd** day of December, 1999.

_____
United States District Judge

10